**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-10-01165-01-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| John Saliba Shahin, | |
| Defendant. | |

Before the Court is Defendant Shahin's Motion for Production of Cooperating Witness (Co-Defendant's) Statements/Motion for Production of Government's Notes Taken During Debriefing of Cooperating Witnesses (Doc. 122), Defendant Shahin's Motion for Preservation and Production of Rough Notes (Doc.127), and Defendant Shahin's Motion for Severance of Defendant Shahin from Co-Defendants or, in the Alternative, Motion to Preclude Co-Defendants' Statements (Doc. 132). Each motion will be discussed in turn.

**I. Doc. 122: Motion for Production of Cooperating Witness (Co-Defendant's) Statements/Motion for Production of Government's Notes Taken During Debriefing of Cooperating Witnesses**

Defendant Shahin asks the Court to order the Government to disclose notes taken during the November 30, 2010 debriefing of cooperating witness Rodriguez. Although notes recorded by a government agent during a debriefing of a co-defendant are not required to be disclosed unless "the notes amount to substantially verbatim recitals of [the defendant's] oral

statements," *see United States v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009), the Government has in fact disclosed the interview notes and other relevant materials. Because the Government has met and exceeded its disclosure obligations, the Court will deny Shahin's motion as moot.

## II. Doc. 127: Defendant Shahin's Motion for Preservation and Production of Rough Notes

In this motion, Defendant asks the Court to "enter an Order directing the Government to preserve all hand-written notes of all cooperating witnesses and/or Government agents, and to produce those notes, as may be required pursuant to the Jencks Act, Title 18, United States Code, § 3500." (Doc. 127.) The Government responds that it has and will continue to comply with all of its preservation and discovery obligations (Doc. 143). The Court agrees that the Government has sufficiently complied with its obligations and that no further order to that effect is necessary. Accordingly, Shahin's motion will be denied.

## III. Doc. 132: Defendant Shahin's Motion for Severance of Defendant Shahin from Co-Defendants or, in the Alternative, Motion to Preclude Co-Defendants' Statements

In his motion, Shahin argues that he should be tried separately from his co-defendant, Mr. Harris, because 1) Shahin and Harris will present antagonistic defenses; and 2) introduction of Harris's post-arrest statements would violate Shahin's rights under the Confrontation Clause because it is very unlikely that Harris would testify at trial and be subject to cross-examination. Alternatively, Shahin requests that Harris's post-arrest statements[1] be excluded from trial.

Shahin has not presented any evidence that he and Harris will present antagonistic defenses so as to necessitate a severance. A joint trial may be severed where co-defendants present mutually exclusive defenses. *See United States v. Tootick*, 952 F.2d 1078 (9th Cir. 1991). Defenses are mutually exclusive where the "acquittal of one co-defendant would

---

[1]Although Shahin asks that both Harris and Rodriguez's statements be excluded, Shahin's arguments only apply to Harris because he is the only co-defendant. Rodriguez is no longer a co-defendant to this action, and would thus presumably be available for cross-examination.

- 2 -

1  necessarily call for the conviction of the other [co-defendant]." *Id.* at 1081. "Mere
2  inconsistency in defense positions is insufficient to find codefendants' defenses
3  antagonistic." *Id.* Here, Shahin's motion is highly general and does not make any clear
4  articulation of the opposing defenses, let alone establish the mutual exclusivity of the
5  defenses. Further, to the extent Shahin's defense is that he was not involved in his co-
6  defendant's conspiracy, that defense is not mutually exclusive of Harris's defense that he was
7  not involved in Shahin's conspiracy. The trial will therefore not be severed on these
8  grounds.

9  With respect to admission of Harris's post-arrest statements, however, Shahin has
10 raised a legitimate concern that admission of these statements would violate his rights under
11 the Confrontation Clause. In order to protect a defendant's rights under the Confrontation
12 Clause, where a co-defendant's confession implicated another defendant at a joint trial, the
13 Court should either sever the trial, exclude the co-defendant's statements, or redact the
14 statements so as to eliminate any direct implication of the defendant. *See Bruton v. United*
15 *States*, 391 U.S. 123 (1968). Because interests in economy and efficiency favor joint trials,
16 *see U.S. v. Mayfield*, 189 F.3d 895, 899 (9th Cir. 1999), redacting a co-defendant's
17 statements to sufficiently protect the implicated co-defendant's rights is generally preferred
18 to severing the trial. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("[A] district
19 court should grant severance under [Fed. R. Crim. P. 14] only if there is serious risk that a
20 joint trial would prejudice a specific trial right of one of the defendants, or prevent the jury
21 from making a reliable judgment about guilt or innocence.").

22 Here, redaction of Harris's post-arrest statements is not a plausible solution to protect
23 Shahin's rights. Both Defendant's motion and the Government's response are written in
24 highly general and abstract terms; neither provides the Court with the substance of Harris's
25 statements. That the Government has proposed to introduce Harris's statements at trial orally
26 through testimony of the officer who interviewed Harris post-arrest, and thus will not be able
27 to present the Court with a proposed redacted written statement, further complicates any
28 proposed redaction. Because the Court has not been provided, and, due to the fact that the

1  statements will be made orally, *cannot* be provided with, the proposed redacted statements
2  for review prior to trial, the Court is unable to determine whether the proposed redactions
3  would adequately protect Shahin's rights. *See Mayfield*, 189 F.3d at 902 (finding redacted
4  statements did not sufficiently protect defendant's rights because ". . . even statements that
5  do not explicitly name a codefendant are forbidden if they are redacted in such a way as to
6  make the naming of the codefendant obvious to the jury") (citing *Gray v. Maryland*, 523 U.S.
7  185 (1998)).

8  Further, redaction is only a viable alternative to severance of the trial or exclusion of
9  the statements where the statements can be redacted to avoid direct implication of the co-
10 defendant. *See United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007) ("[T]he
11 admission of a statement made by a non-testifying codefendant violates the Confrontation
12 Clause when that statement facially, expressly, clearly, or powerfully implicates the
13 defendant." (internal quotations omitted)). "[T]he substitution of a neutral pronoun or
14 symbol in place of the defendant's name is not permissible if it is obvious that an alteration
15 has occurred to protect the identity of a specific person." *United States v. Peterson*, 140 F.3d
16 819, 822 (9th Cir. 1998). Considering the fact that cooperating defendant Rodriguez will
17 likely testify at trial, it is difficult to imagine how Harris's statements could be redacted in
18 any way that, when coupled with Rodriguez's non-redacted statements, direct implication
19 of Shahin in Harris's statements is avoidable. Accordingly, the Court will grant Shahin's
20 motion to the extent it will preclude Harris's post-arrest statements implicating Shahin from
21 being introduced at trial.

22 Because the Court has not had the opportunity to review Harris's statements, and
23 therefore does not know the impact of their exclusion on the Government's case-in-chief, the
24 Government may prefer to sever the trial as opposed to having Harris's statements excluded.
25 To that end, the Government will have the opportunity to join in Shahin's request to sever
26 the trial. If the Government so elects, it may file a motion to join in the request to sever by
27 Tuesday, May 24, 2011. In the event the Government joins Shahin's motion to sever, the
28 trial will be severed and the previously discussed dates that have been tentatively set aside

for a second trial in this matter will be utilized.

IT IS THEREFORE ORDERED that Defendant Shahin's Motion for Production of Cooperating Witness (Co-Defendant's) Statements/Motion for Production of Government's Notes Taken During Debriefing of Cooperating Witnesses (Doc. 122) is denied as moot.

IT IS FURTHER ORDERED that Defendant Shahin's Motion for Preservation and Production of Rough Notes (Doc. 127) is denied moot.

IT IS FURTHER ORDERED that Defendant Shahin's Motion for Severance of Defendant Shahin from Co-Defendants or, in the Alternative, Motion to Preclude Co-Defendants' Statements (Doc. 132) is granted to the extent that Harris's post-arrest statements implicating Shahin will be excluded from trial.

IT IS FURTHER ORDERED that the Government may file a motion to join in Defendant Shahin's motion for severance, if it prefers severance of the trial to exclusion of Harris's statements, by Tuesday, May 24, 2011.

DATED this 20th day of May, 2011.

_____
Neil V. Wake
United States District Judge